# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Terry R. Foster, | ) |
|             Plaintiff, | ) Civil Action No.: 4:16-cv-02472-JMC |
| v. | ) **ORDER** |
| Commissioner of Social Security Administration, | ) |
|             Defendant. | ) |

This matter is before the court on Plaintiff Terry R. Foster's ("Plaintiff") Motion for Attorney's Fees under the Social Security Act ("the Act"), 42 U.S.C. § 406(b), filed on January 28, 2019. (ECF No. 29.) Defendant Commissioner of Social Security Administration ("the Commissioner") responded to Plaintiff's Motion on February 11, 2019, and requested the court to hold Plaintiff's Motion in abeyance because the Commissioner "had not yet calculated Plaintiff's past-due benefits, [which made it] impossible to determine whether his 406(b) Motion seeks payment of fees in excess of 25 percent of the total past-due benefits." (ECF No. 31 at 2.) On May 13, 2019, Plaintiff filed a Supplemental Motion for Attorney's Fees and moved the court for an award of twenty-two thousand five hundred eighty-four dollars and twenty-five cents ($22,584.25) based upon the Commissioner's calculation of the fees on February 7, 2019 (ECF No. 34-1 at 3). (ECF No. 34 at 1.) To date, the Commissioner has not issued any response to Plaintiff's Supplemental Motion. After reviewing Plaintiff's Motion (ECF No. 29), the Commissioner's Response (ECF No. 31), and Plaintiff's Supplemental Motion (ECF No. 34), the court finds that Plaintiff's request for fees is reasonable and that Plaintiff is entitled to an award of attorney's fees under the Act in the amount of twenty-five percent (25%) of Plaintiff's past-due benefits.

1

In accordance with *Gisbrecht v. Barnhart*, when fees are awarded under 42 U.S.C. § 406(b), a court must look to the contingent fee agreement and assess its reasonableness. 535 U.S. 789, 808 (2002). A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Based upon a review of the Motion and these factors, the court finds than an award of $22,584.25 is reasonable. Pursuant to the contingency fee agreement, Plaintiff agreed to pay counsel twenty-five percent of any past-due benefits. (ECF No. 29-4.) In compliance with 42 U.S. 406(b)(1)(A) and representations from the Commissioner, Plaintiff's requested fee does not exceed twenty-five percent of any past-due benefits (ECF No. 34-1 at 3). *See Helms v. Colvin*, C/A No. 5:15-cv-668-TMC, 2016 WL 7212757, at *1 (D.S.C. Dec. 13, 2016); Hunt v. Astrue, C/A No. 4:07–3561–HMH–TER, 2009 WL 2148130, at *1 (D.S.C. July 15, 2009). Furthermore, the requested attorney's fee is reasonable given that counsel expended a total of thirteen (13) hours and fifteen (15) minutes working on this matter at the court level (ECF No. 29-3 at 5). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court). Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay. In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F. Supp. 2d 769, 772–73 (W.D. Va. 2003). Lastly, the Commissioner has not filed any response in opposition to Plaintiff's Supplemental Motion.

After a thorough review of Plaintiff's Motion (ECF No. 29), the Commissioner's Response (ECF No. 31), and Plaintiff's Supplemental Motion (ECF No. 34), the court **GRANTS** Plaintiff's

Motion for Attorney's Fees (ECF No. 29) and awards $22,584.25 in attorney's fees.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 29, 2019
Columbia, South Carolina